WILLIAM H. STARR *et al.*

*v.*

JAMES MILLIKIN.

*Opinion filed June 21, 1899.*

1. PRACTICE—*Appellate Court's construction of contract not binding on Supreme Court.* The Appellate Court's construction of a written contract, as to its legal effect, is not binding upon the Supreme Court as a finding of fact, as such question is one of law.

2. CONTRACTS—*when contract does not amount to personal guaranty of notes.* An agreement between a third party and the grantors of lots sold to a minor, by which the former guarantees that the minor will ratify the purchase so as to make himself personally liable on the notes, and which further provides that in the event the minor "shall repudiate *or refuse to pay* said notes" the third party will pay the same, has no binding force after the minor has ratified the purchase on coming of age and become liable on the notes.

*Millikin* v. *Starr,* 79 Ill. App. 443, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

LEFORGEE & LEE, and MILLS BROS., for appellants.

I. A. BUCKINGHAM, and HUGH CREA, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Suit was brought in the circuit court of Macon county by William H. Starr and Isaac R. Mills, for the use of William H. Starr, against James Millikin, upon the following contract:

"Whereas, Murray G. Millikin has purchased of Starr & Mills lot sixteen (16) and fifteen feet off of the east side of lot fifteen (15), in block three (3), in Starr & Mills' addition to the city of Decatur, for the sum of $800; and whereas, the said Murray G. Millikin has given to the said Starr & Mills his certain promissory notes to secure the payment of said consideration, to-

gether with a mortgage upon said premises; and whereas, the said Murray G. Millikin is a minor under the age of twenty-one years but is desirous of having the deed to said lots so purchased made to him:

"Now, therefore, in consideration of the premises and in consideration of the making of the deed direct to the said Murray G. Millikin, I, James Millikin, do hereby guarantee that the said Murray G. Millikin will ratify said purchase and the giving of said notes upon his arrival at the age of twenty-one years, in such manner as will make him personally liable on said notes so given for said purchase money, and in the event that said Murray G. Millikin shall repudiate or refuse to pay said notes I hereby agree to pay the same to the said Starr & Mills, or their assigns.

"Dated at Decatur, Illinois, this 26th day of June, A. D. 1893.
JAMES MILLIKIN."

A verdict was returned in the trial court against appellee for $1076.88. Judgment was rendered on this verdict, but on appeal to the Appellate Court for the Third District the judgment was reversed without remanding, the Appellate Court at the same time making a finding of facts to be recited in its final order.

The Appellate Court found from the evidence in the case that James Millikin undertook, in the contract above mentioned, to pay the sum of money therein mentioned upon condition, only, that Murray G. Millikin, a minor, upon his arrival at the age of twenty-one years, would fail to ratify the notes in controversy in such manner as would make him personally liable, or if the minor should repudiate or refuse to pay the notes on account of their having been executed during his minority. This finding of facts was the result of the legal construction given the contract by the Appellate Court. That court also found as a fact arising out of the evidence, that upon his arrival at the age of majority Murray G. Millikin did ratify the notes made by him, thus making himself personally liable, and that he did not repudiate or refuse to pay them on account of their having been executed during his minority. As this record is presented to us, therefore,

only one question is involved. This is conceded by counsel for appellants, as they say that the construction to be placed upon this contract is the only real question involved in the litigation in this court, and that this question, when determined, ends the controversy.

The finding by the Appellate Court as to the legal construction to be given this contract is not such a finding of fact as is binding upon this court. The construction to be given a contract is one of law, rather than of fact. However, that is not material in this case, as we in nowise differ from the Appellate Court as to the legal construction to be given the contract. Starr & Mills were conveying some property to Murray G. Millikin, a minor. From the fact that upon his arrival at his majority he would have the right, in law, to repudiate the notes or refuse payment on account of their having been executed during his minority, this separate contract was executed to guarantee there should be no such refusal or repudiation. The entire controversy occurs over the last clause of the contract, which reads: "In the event that said Murray G. Millikin shall repudiate or refuse to pay said notes I hereby agree to pay the same to said Starr & Mills, or their assigns." This clause, however, when taken in connection with all the circumstances of the case and the recitals in the contract preceding this clause, to the effect that Murray G. Millikin was a minor under the age of twenty-one years and that he was desirous of having the deeds to the lots made to him, and that appellee guaranteed Murray G. Millikin would ratify such purchase and the giving of said notes upon his arrival at the age of twenty-one years, tends to establish, without question, that the only purpose of the execution of this contract was that the notes should not be repudiated or payment refused on account of the age of the maker. It is evident that there was no intention on the part of James Millikin to personally guarantee the payment of this indebtedness. The parties connected with the transaction were

all business men,—one a banker, another a lawyer,—and if the intention had been to personally guarantee this indebtedness such guaranty would have been on the back of the note, or as a joint maker, or in some other manner much less cumbersome than as shown by this record

The construction given this contract by the Appellate Court was the correct one, and the judgment of that court will be affirmed.　　　　　　　　*Judgment affirmed.*